The court hereupon observed, that this last matter should, if necessary, be urged in arrest of judgment.

The plaintiff's counsel referred also to their former cases, and moreover cited Co. Lit. 282, *a. b.* In actions for things of a transitory nature, the place laid is not material. On *insimul computasset*, the plaintiff may recover less than he declares for; and on a policy of insurance, where the plaintiff has declared for a total loss, he may still recover as for a partial loss; though in both instances the law was formerly otherwise. Bull. Ni. Pri. 129. Debt on a *mutuatus* for 200*l.*; verdict for the plaintiff for 100*l.* and *nil debet* for the residue; though debt is an entire thing, and cannot be recovered in part, yet the court refused to grant a new trial. 2 Bla. Rep.

The court adopted the language of Ld. Mansfield in Bristow *v.* Wright and Page. Doug. 666, 2d ed. "The strong bias of their minds has always leaned to prevent the manifest justice of a cause from being defeated by formal slips, which arise from the inadvertence of gentlemen of the profession; but that it was better for the sake of justice, that the strict rule should prevail." It is clearly ascertained by the evidence, without any contradictory proof whatever, that Savin was indebted to the plaintiff in the sum of 113*l.* 13*s* 4*d.*, and the defendant's promise to pay was confined to that sum alone, and the place fixed on, was at his own house in Dauphin county. The plaintiff has asserted a contract wholly dissimilar, both as to the sum due to him, and as to the place of payment. The *allegata et probata* are materially variant, and it is out of the power of the court to assist the plaintiff. The rule is, that " it is necessary in these kind of cases to set out the contract in the declaration; and if it be different in any part, the whole foundation of the action fails, because the contract is entire." Per Buller Just. 1 Term Rep. 240.

Plaintiff nonsuit.

---

Lessee of JAMES McCALLY <em>against</em> SAMUEL FRANKLIN.

Contents of a deposition lost, refused in evidence under certain circumstances.

EJECTMENT for lands in Middle Paxtang township.

The defendant had taken the deposition of John Murray, esq. under a rule of court, having given regular notice thereof to the lessor of the plaintiff. The deposition being lost, parol evidence was offered of its contents; and it was insisted, that as parol proof of a record lost or burnt might be received, so it might in the present instance.

The defendant being sworn, said, that he had of his own accord delivered the deposition to the witness at a former Court of Nisi Prius, in order to refresh his memory, and had never received it again. He once called on the witness for the deposition, but he could not tell where it was, and said he had been in the habit of destroying such papers. The defendant lived about one mile from the witness, who lingered in his last illness above three months before he died ; and the defendant had never called on him to take a second deposition.

The court overruled the parol evidence offered, from the danger of the precedent. Admitting the purest intentions in the party who would prove the contents of a deposition, it is evident that innumerable mistakes must ensue from the practice. How often is testimony misunderstood or perverted in open court ? Nothing but absolute necessity can justify such parol evidence. But here the defendant knew the deposition was lost during the witness's life. He might have supplied the lost without great difficulty. He lived but one mile from the witness, who lingered in his last illness above three months, and yet no efforts are used to replace the deposition. Such circumstances of laches and neglect deserve no favor.

Verdict for the defendant.

Mr. Hamilton, *pro quer.*

Messrs. Duncan and Montgomery, *pro def.*

---

PAUL GEMBERLING *against* CATHARINE MYER and JACOB SMITH, administrators of ISAAC MYER.

Act of limitation applies to a general *indebitatus assumpsit,* brought for moneys under a settlement by two administrators in the Orphans' Court.

THE declaration stated, that the intestate on the 7th June 17 69 was indebted to the plaintiff in 47*l.* 10*s* 8*d.* for money had and, received to his use of and from the estate of Tobias Ritter, as administrator thereof, and so being indebted, promised to pay, &c. (the request to the now administrators laid on the 1st June 1789.) Pleas, *non assumpsit* and payment, and *non assumpsit infra sex annos.*

The plaintiff and intestate were joint administrators of the estate of Ritter, and settled their administration account, which were passed in the Orphans' Court of Lancaster county ; and on the 7th June 1769, the Orphans' Court settled the sum due to the plaintiff from the intestate by their decree to be 47*l.* 10*s.* 8*d.*, for his advancements beyond what he had received, the chief of the moneys having been received by the intestate. This decree was shown in